Vanessa R. Waldref
United States Attorney
Eastern District of Washington
Letitia A. Sikes
Assistant United States Attorney
402 E. Yakima Avenue, Suite 210
Yakima, Washington 98901

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>ANTONIO RAMIREZ SANCHEZ<br>(a/k/a "Santiago Rojas Rangel," "Jorge Naverrete-Negrete," "Charapo"),<br><br>Defendant. | Case No. 1:24-CR-2045-MKD<br><br>GOVERNMENT'S SENTENCING MEMORANDUM |

Plaintiff, the United States of America, by and through Vanessa R. Waldref, United States Attorney for the Eastern District of Washington, and Letitia A. Sikes, Assistant United States Attorney for the Eastern District of Washington, submits the following Sentencing Memorandum ("Sentencing Memorandum"). In support of this Memorandum, the Government shows the Court as follows:

## I.     BACKGROUND.

On June 11, 2024, a federal grand jury returned a four-count indictment (the "Indictment") charging the Defendant with Distribution of 50 Grams or More of Actual (Pure) Methamphetamine, in violation of 21 U.S.C. § 841(a)(1). ECF No. 1. The Indictment also included a serious drug felony enhancement under 21 U.S.C. § 851 and forfeiture allegations pursuant to 21 U.S.C. § 852. Id. On November 1, 2024, this Court accepted the Defendant's change of plea at which time the Defendant plead guilty to the four-count Indictment. ECF No. 37. The Defendant was aided at

GOVERNMENT'S SENTENCING MEMORANDUM - 1

this hearing through the use of a Spanish-language interpreter. ECF No. 35. The Court reserved ruling as to whether to accept the proposed Plea Agreement, which was reached by the parties pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C) ("Rule 11(c)(1)(C)") at that time. Id.

On that same date, the parties filed their proposed Rule 11(c)(1)(C) Plea Agreement which provided that the Defendant would enter a guilty plea to all four counts of Distribution of 50 Grams or More of Pure (Actual) Methamphetamine as charged in the Indictment. ECF No. 36. The parties agreed that the following range was an appropriate sentence: 120 months to 151 months in custody, to be followed by 5 years of supervised release. Id. at 5. The United States will argue for 151 months in custody while the Defendant will argue for any sentence within the agreed upon range. Id. The United States also agreed to waive the enhancement under 21 U.S.C. § 851 for a serious drug felony. Id. The Plea Agreement also included an agreed-upon factual basis and statement of facts. *See* Id. at 7-10. With respect to a calculation under the United States Sentencing Guidelines ("U.S.S.G." or the "Guidelines"), the parties agreed that the Base Offense Level was 36. Id. at 11. The parties further agreed that the United States would recommend that the Defendant receive a downward adjustment for a timely acceptance of responsibility, resulting in an Adjusted Offense Level of 33. Id. The parties made no agreement regarding the Defendant's criminal history. Id. at 14. Unless otherwise indicated, the factual statement contained in this Sentencing Memorandum comes from the agreed-upon statement of facts contained in the Plea Agreement.

On January 2, 2025, the United States Probation Office filed a Draft Pre-Sentence Investigation Report ("Draft PSR"). ECF No. 39. Neither party filed any objection to the Draft PSR. The Government agrees with the Offense Conduct summary outlined in paragraphs 8 through of 19 of the Draft PSR. *See* ECF No. 39.

**II.    SENTENCING CALCULATIONS.**

GOVERNMENT'S SENTENCING MEMORANDUM - 2

A.  Base Offense Level & Enhancements.

The Government agrees with calculations by the United States Probation Office in the Draft PSR that the Defendant's base offense level is 36 with an adjusted offense level for acceptance of responsibility as 32.  ECF No. 39 ¶¶ 27-26.

No objection has been made to the United States Probation Office's criminal history computation of a Category 6.  *See* ECF No. 39, ¶ 78.

B.  Departures.

Pursuant to the Rule 11(c)(1)(C) Plea Agreement and the adjusted offense level calculated therein, the parties agreed to particular range of 120 months to 151 months of confinement.  The Draft PSR calculated the Defendant's guideline range as 168-210 months of confinement.

Upon reviewing the draft PSIR and the 18 U.S.C. § 3553(a) sentencing factors, to include the reasons and argument set forth in this Sentencing Memorandum, the Government urges this Court to sentence the Defendant to 151 months of incarceration.  A term of confinement of 151 months is a sentence sufficient, but not greater than necessary, to satisfy federal sentencing goals as set forth by 18 U.S.C. § 3553(a) and, based on the facts, circumstances and legal argument in this Memorandum, is the appropriate sentence here.

**III.    SENTENCING FACTORS UNDER 18 U.S.C. § 3553(a).**

In determining the appropriate sentence, this Court should consider the factors as set forth in 18 U.S.C. § 3553(a), which weigh strongly in favor of sentencing the Defendant to 151 months of incarceration, followed by a term of 5 years of supervised release.  The Defendant is an illegal alien with a long history of drug distribution offenses.  As noted in the Draft PSR, he is an "illegal alien" with a birthplace of Michoacan, Mexico and has no less than 15 aliases. ECF No. 39.   Based on his long pattern of criminal conduct and use of aliases to hide his criminal behavior, as well as the risk to the public presented by the methamphetamine that the Defendant distributed not just in this case, but in his previous cases, most recently in 2016 in

GOVERNMENT'S SENTENCING MEMORANDUM - 3

Yakima County Superior Court (as cited in the Indictment), the Government asserts that the appropriate term of confinement is 151 months.

## IV. GOVERNMENT'S SENTENCING RECOMMENDATION

As discussed throughout this Memorandum, sentencing the Defendant to 151 months of incarceration, based on the totality of the circumstances and the 3553(a) factors, is sufficient, but not greater than necessary, to accomplish the purposes outlined in 18 U.S.C. § 3553(a).

Dated: January 27, 2025.

>                    Vanessa R. Waldref
>                    United States Attorney
>
>
>                    /s/ Letitia A. Sikes
>                    Letitia A. Sikes
>                    Assistant United States Attorney

# CERTIFICATE OF SERVICE

I hereby certify that on January 27, 2025, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System which will send notification of such filing to the following: Paul Shelton.

*/s/ Letitia A. Sikes*
Letitia A. Sikes
Assistant United States Attorney